UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CHARLES REED,

                Petitioner,

                                                  MEMORANDUM AND ORDER

      -against-                         15-CV-3607(JS)

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------X
APPEARANCES
For Petitioner:       Charles Reed, pro se
                        #78901-053
                        United States Penitentiary, Allenwood
                        P.O. Box 1000
                        White Deer, PA 17887

For Respondent:      Charles N. Rose, Esq.
                        Nicole Boeckmann, Esq.
                        United States Attorney's Office
                        Eastern District of New York
                        610 Federal Plaza
                        Central Islip, NY 11722

SEYBERT, District Judge:

        Charles Reed ("Petitioner") petitions the Court pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the following reasons, the Petition is DENIED.

## BACKGROUND

        On March 22, 2012, at the conclusion of a jury trial, (see, Minute Entry, Docket Entry 70), Petitioner was convicted of Conspiracy to Distribute at Least 280 Grams of Cocaine Base and 500 Grams of Cocaine, a Class "A" Felony, in violation of 21 U.S.C.

§§ 846, 841(a)(1), 851(a), 841(b)(1)(A)(iii), 841(b)(1)(B)(ii)(II), and other related crimes. (See, Docket No. 10-CR-0826, J., Docket Entry 119.) Before trial, the Government filed a Prior Felony Information ("PFI") listing one of Petitioner's prior convictions. (See Docket No. 10-CR-0826, PFI, Docket Entry 61.) Specifically, the PFI referred to Petitioner's 1993 conviction in Middlesex County, New Jersey, for Possession of a Controlled Substance with Intent to distribute in violation of New Jersey Code of Criminal Justice Section 2C:35-5. (PFI ¶ 1.)

Prior to Petitioner's sentencing, the Probation Department submitted a Presentence Investigation Report ("PSR") that assigned Petitioner a Category VI Criminal History Designation and deemed him a Career Offender due to his prior convictions for controlled substance offenses. (See PSR ¶¶ 36, 93.) The PSR identified a total of four prior drug related convictions, including Petitioner's 1993 New Jersey conviction (PSR ¶¶ 41, 44, 46, 47.) The PSR indicated that Petitioner was facing a sentence between 360 months to life imprisonment and a mandatory minimum sentence of 240 months' imprisonment. (PSR ¶¶ 92-93.)

On April 19, 2013, the Court sentenced Petitioner to the mandatory minimum sentence of 20 years' imprisonment. (See, J.) At the sentencing hearing, counsel for Petitioner requested that the mandatory minimum sentence be imposed, stating "I would just

basically go along with the recommendation by probation to [the] mandatory minimum of 20 years" (Sentencing Tr. 24:15-17.)  The Court discussed the given sentence, stating "I have reviewed the probation report.  I was at the trial.  I have considered all the factors, and while some courts might penalize the defendant further, I decline to do so."  (Sentencing Tr. 26:10-14.)

Petitioner appealed the conviction and sentence to the Second Circuit Court of Appeals.  On August 25, 2014, the Second Circuit held that Petitioner's claims regarding his sentence were meritless and affirmed the conviction and sentence.  <u>United States v. Reed</u>, 576 F. App'x 60, 62 (2d Cir. 2014.)

On June 15, 2015, Petitioner filed his Petition to vacate his sentence pursuant to 28 U.S.C. § 2255.  (Petition, Docket Entry 1.)  Attached to his Petition is a May 2015 Order vacating his New Jersey felony conviction contained in the aforementioned PFI.  (<u>See</u>, Pet. at 6; PFI ¶ 1.)  Because his prior New Jersey conviction was vacated, Petitioner argues that the Court's sentence was improperly enhanced, and requests that the Court vacate his sentence and resentence him.

<u>DISCUSSION</u>

The Court will first address the applicable legal standard before turning to the merits of the Petition.

3

I. Legal Standard

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." Harrington v. Richter, 562 U.S. 86, 91, 131 S. Ct. 770, 780, 178 L. Ed. 2d 624 (2011). When considering petitions for habeas relief, the Supreme Court has held that "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166, 102 S.Ct. 1584, 1593, 71 L. Ed. 2d 816 (1982). In petitions for habeas relief, the petitioner has the burden of proving his claims by a preponderance of the evidence. Skaftouros v. United States, 667 F.3d 144, 158 (2d Cir. 2011). The authority to grant a habeas petition "is to be exercised sparingly, for such applications 'are in tension with society's strong interest in the finality of criminal convictions.'" Castro v. United States 993 F. Supp. 2d 332, 340 (E.D.N.Y. Jan. 29, 2014) (quoting Elize v. United States, No. 02-CV-1350, 2008 WL 4425286, at *5 (E.D.N.Y. Sept. 30, 2008).

To warrant habeas relief under Section 2255 a petitioner must show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack". 28 U.S.C. § 2255(a). A collateral attack is available "for a constitutional error, a lack of

4

jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L. Ed. 2d 417 (1962)). When determining whether to grant habeas relief, "the scope of review on a § 2255 motion should be 'narrowly limited' in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (citation omitted).

The Supreme Court has held that "a defendant who successfully attacked his state conviction in state court or on federal habeas review could then 'apply for reopening of any federal sentence enhanced by the state sentences.'" Johnson v. United States, 544 U.S. 295, 303, 125 S. Ct. 1571, 1578, 161 L. Ed. 2d 542 (2005) (quoting Custis v. United States, 511 U.S. 485, 497, 114 S. Ct. 1732, 1739, 128 L. Ed. 2d 517 (1994)). However, "vacatur alone does not entitle a petitioner to habeas relief," but simply permits a petitioner to seek review. United States v. Pettiford, 612 F.3d 270, 278 (4th Cir. 2010).

II. Analysis

Petitioner contends that because his 1993 New Jersey conviction was vacated, he is now entitled to habeas relief and resentencing by the Court.

5

At the time of sentence, Petitioner was deemed a Career Offender, under a Criminal History Category VI, with a Sentencing Guidelines Range of 360 months to life imprisonment. (PSR ¶¶ 36, 93; see also U.S.S.G. 4B1.1(a).) Further, the top charge of which he was convicted carried a sentence of 20 years to life imprisonment. (PSR ¶ 92.) It is undisputed that at the time of sentencing Petitioner had four prior felony controlled substance convictions. (PSR ¶¶ 41, 44, 46, 47.) Petitioner has successfully attacked his 1993 New Jersey conviction, (PSR ¶ 46) but three additional felony controlled substance convictions remain in his Criminal History. (PSR ¶¶ 41, 44, 47.)

The Second Circuit has held that "defendants who successfully attack state convictions may seek review of federal sentences that were enhanced on account of such state convictions." United States v. Doe, 239 F.3d 473, 475 (2d Cir. 2001). In Doe, the Court was faced with an appellant who pled guilty to a federal offense and was seeking vacatur of the underlying conviction that exposed him to a higher Criminal History level and an increased jail sentence. Id. It is significant in Doe that the appellant's sentencing enhancement was based on the single prior conviction he was seeking to vacate. Id. In contrast to Doe, Petitioner has multiple underlying convictions on his criminal record that trigger sentencing enhancement, regardless of the vacatur of his 1993 New Jersey conviction. (PSR ¶¶ 41, 44, 47.) The Court finds

additional guidance from the Fourth Circuit's analysis in United States v. Pettiford, 12 F.3d, 270, 278 (4th Cir. 2010). In Pettiford, the Fourth Circuit was faced with an individual seeking habeas relief, arguing that he should be permitted to collaterally attack his federal sentence that was enhanced based on his Armed Career Criminal designation. Id. at 275. There, Pettiford argued that as he successfully vacated two of his predicate convictions he was entitled to review of his federal sentence. Id. at 276. In response the government argued that "Pettiford's record retains three convictions that support enhancing his sentence." Id. at 276-77. The Fourth Circuit ultimately held that the vacatur of an underlying conviction does not lead to automatic relief, rather "the petitioner must still meet his burden of showing that his sentence is unlawful on one of the specified grounds, because only after determining that a sentence is unlawful can the district court vacate and set aside the sentence." Id. at 278.

Finding guidance from these cases, the Court has reviewed Petitioner's request for habeas relief, but finds that Petitioner is not entitled to relief for several reasons. As a starting point, Petitioner fails to raise any arguments that his sentence violates the Constitution or that the Court was without jurisdiction to sentence him. As such, the Court turns to whether Petitioner's sentence has resulted in "an error of law or fact that constitutes a 'fundamental defect which inherently results in

7

a complete miscarriage of justice.'" Bokun, 73 F.3d at 12 (collecting cases).

First, the vacatur of Petitioner's 1993 New Jersey conviction does not alter his Career Offender and Criminal History VI designation. The Sentencing Guidelines indicate, in pertinent part, that an individual will be deemed a Career Offender, facing enhanced sentencing, when "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." See U.S.S.G 4B1.1(a). While the conviction named in the PFI has been vacated, Petitioner still has three prior controlled substance related felony convictions. (PSR ¶¶ 41, 44, 47.) Irrespective of the vacated conviction, Petitioner meets the statutory requirements for the Career Offender designation and is still subject to the corresponding enhancements. (PSR ¶¶ 41, 44, 47; see U.S.S.G. 4B1.1(a).)

Second, the 20-year sentence does not exceed what is permissible by law. The maximum sentence Petitioner faced was life imprisonment, regardless of whether the minimum sentence is 10 years, as Petitioner argues, or 20 years. See, 21 U.S.C. § 841(b)(1)(A)(iii). Further, the Court's sentence is

8

considerably lower than the guidelines range of 360 months to life imprisonment. (PSR ¶ 93.) During Petitioner's sentencing the Court stated: "I have reviewed the probation report. I was at the trial. I have considered all the factors, and while some courts might penalize the defendant further, I decline to do so." (Sentencing Tr. 26:10-14.)

Even assuming, arguendo, that the vacatur of the underlying conviction named in the PFI lowered the mandatory minimum sentence from 20 years' imprisonment to 10 years' imprisonment, Petitioner has failed to show how the current sentence is fundamentally flawed. See Hill, 368 U.S. at 428, 82 S. Ct. at 471. During sentencing the Court informed Petitioner that even without the PFI, the Court would impose the same sentence:

> Ms. Boeckman: And, to be clear, obviously the court considered all the factors of 3553(a), even absent the prior felony information would deem a 20-year sentence based on the guidelines to be reasonable
>
> The Court: Absolutely, and according to all the findings . . . and facts indicated in the findings of the guideline offense level.

(Sentencing Tr. 29:4-10.) The Court made clear to Petitioner that his sentence was appropriate "even absent the prior felony information." (See Sentencing Tr. 29:4-10.) Therefore, the Court relied on all the factors in 18 U.S.C. § 3553(a) and provided a

9

sentence "sufficient, but not greater than necessary, to comply with the purposes" of sentencing.  18 U.S.C. § 3553(a).

For the reasons stated above, Petitioner has failed to establish that his sentence resulted in an error of law or fact or was fundamentally flawed.  Accordingly, the Petition is DENIED.

CONCLUSION

The Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (Docket Entry 1) is DENIED.  As a result, Petitioner's motion to appoint counsel (Docket Entry 10) is DENIED as MOOT.  Because there can be no debate among reasonable jurists that Petitioner was not entitled to habeas relief, the Court does not issue a Certificate of Appealability.  28 U.S.C. § 2253(c); see also Middleton v. Att'ys Gen., 396 F.3d 207, 209 (2d Cir. 2005).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Petitioner and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   October   25  , 2017
         Central Islip, New York